### E. T. YATES v. STATE.

#### No. 2069.  Decided January 15, 1913.

**1.—Aggravated Assault—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence sustained the con-
viction, there was no error.

**2.—Same—Charge of Court—Requested Charge—Intent.**

Where, upon trial of aggravated assault, the court submitted the defend-
ant's intent to injure and in case of a reasonable doubt to acquit him, there
was no error in the court's refusal of defendant's requested charges on the
same issue.

**3.—Same—Charge of Court—Statutory Definition.**

Where, upon trial of aggravated assault, defendant contended that the
injuries inflicted were accidental, there was no error in the court's submission
to the jury of the correct statutory provisions under Article 1009, Penal Code,
as a part of the law of the case.

**4.—Same—Evidence—Cross-Examination—Depositions.**

Where, upon trial of aggravated assault by the defendant on his wife, it
was shown that the latter had left the State and remained away, and defendant
testified that he had had a conversation with her about this difficulty, there
was no error in permitting the State to cross-examine on the same point with-
out bringing out the conversation itself, and there was no error in not per-
mitting defendant to detail to the jury such conversation; defendant having
failed to get her depositions.

**5.—Same—Evidence—Ex Parte Affidavits.**

Where, upon trial of aggravated assault, defendant claimed that the
injured party had exonerated him, there was no error in excluding ex parte
affidavits from said injured party; the defendant having failed to take deposi-
tions.

**6.—Same—Argument of Counsel—Depositions.**

Where the defendant was charged with assault and battery upon his
wife, and the latter had removed from the State, but defendant claimed that
she had since exonerated him, but failed to show this by her depositions, there
was no error in State's counsel's comment upon this fact.

**7.—Same—Argument of Counsel—Practice in County Court.**

Where defendant's counsel sought in his argument to introduce the ex
parte hearsay statement of defendant's wife whom defendant was charged

with assaulting and who he claimed had since exonerated him, but failed to introduce any testimony to that effect, it was proper that the court admonished defendant's counsel to stay within the record, and not repeat such ex parte statements to the jury.

Appeal from the County Court of Smith. Tried below before the Hon. Jesse F. Odom.

Appeal from a conviction of aggravated assault; penalty, a fine of $25, and one month confinement in jail.

The opinion states the case.

*Fitzgerald, Butler & Bulloch,* for appellant.—On question of statutory definition of assault in court's charge: Ware v. State, 24 Texas Crim. App., 521; Brown v. State, 60 S. W. Rep., 548; Thompson v. State, 89 S. W. Rep., 1081.

On question of argument of State's counsel: Epson v. State, 29 Texas Crim. App., 607; Greene v. State, 17 id. 395; Jackson v. State, 55 Texas Crim. Rep., 79.

*C. E. Lane,* Assistant Attorney-General, for the State.—One question of argument of counsel: Mercer v. State, 17 Texas Crim. App., 452; Tipton v. State, 30, id. 530; Jackson v. State, 31 Texas Crim. Rep., 342.

PRENDERGAST, Judge.—Appellant was charged with an aggravated assault and battery upon a woman, he being an adult male. The jury found him guilty and assessed his punishment at a fine of $25 and one month in jail.

The evidence is clearly sufficient to justify the conviction.

Appellant complains that the court refused to give his charge to the effect that if they believed from the evidence that his wife, the assaulted party, at the time alleged in the complaint, sustained bodily injuries or bruises on her person, or if they believed or have a reasonable doubt as to how the same were occasioned, whether it was caused by an accident or fall, and was not caused by violence on his part and that he was at the time intending to do her no bodily harm, or if they had a reasonable doubt of the same, to acquit him. The court did not err in not giving this charge, because in a separate paragraph, after submitting affirmatively the State's side of the question, he charged, "but if you believe from the evidence that Ada Yates sustained bodily injury at the time alleged in the information, but you further believe that said injury, if any, was not caused by any violence on the part of the defendant and that he was at the time intending to do her no injury, or if you have a reasonable doubt of the same," to acquit the defendant. The court evidently gave this charge in response to and in accordance with the said requested charge by appellant, and it substantially covers the same ground and was sufficient.

The court in telling the jury what the law was in the first part of the charge, and in a separate paragraph, said:

"The law provides that the use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or degree of violence used, is an assault and battery. When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention." The court did not err in giving the last sentence of said charge, which is a quotation of Article 1009 of the Penal Code. Out side of the fact that appellant denied that he had committed an assault and battery upon his wife, his contention was that the injuries shown upon her face and head were caused in some way by an accidental fall when they were both struggling for the possession of their young child. Under the circumstances of this case it was proper for the court to have laid down, as it did, that correct statutory provision as a part of the law of the case. The proof clearly showed that his wife did have an injury on her head and face on the occasion in which appellant is charged with the assault and battery upon her and the proof by the State clearly tended to show, if it did not without doubt establish, that these injuries were caused by his assault and battery upon her at the time; that she was injured seems not to have been disputed. Whether they were accidently caused as contended for by him, or inflicted by him, was the question submitted to the jury and it was necessary to lay down the law applicable thereto as the court did.

The testimony without contradiction shows that soon after this alleged assault and battery Mrs. Yates, the wife of the appellant, took her child and moved to and has since remained with her parents in Tennessee. He testified on the trial and, among other things, on his direct examination, testified that soon after this assault his wife went to her father's home in Tennessee; that after she left and went to Tennessee, he went to Tennessee and had a conversation with her about this difficulty; that he was preset in court at the October term when his attorneys made an application for continuance in this case for the purpose of taking his wife's depositions; that he had not and they did not take her depositions; that he left that matter with them and does not know why they did not take her depositions. Of course, he having so testified on cross-examination, it was clearly proper for the county attorney to cross him on the same point and to ask him in substance substantially the same thing, and if he had not talked to his wife about the facts of the case, when he saw her in Tennessee on the occasion mentioned. By his cross-examination he did not ask, nor procure from the witness any statement of what he said to his wife, or she said to him on that occasion. The court did not, therefore, err in refusing to permit him to detail to the jury the conversations he had with his wife on that occasion and what she said to him about this assault, in effect, telling him that he had not committed an assault

and battery· upon her at the time. The court correctly sustained the objection to this, that it was hearsay and, of course, did not err ·in stating upon sustaining such objections that it was the rankest kind of hearsay testimony.

Neither did the court err in refusing to permit the appellant to introduce her affidavit and other papers claimed to have been signed by her attempting to exonerate him from this offense. Under the law he had the right to take her depositions. In order to do so, of course, the State would have the right to cross whatever interrogatories were propounded to her and thereby seek to bring out the facts, and her ex parte affidavits, or statements to appellant could in no event be made to take the place of any such depositions. The State had no right to take her depositions, but the appellant did.

Neither did the court err in permitting the county attorney to comment upon the fact that appellant did not under the circumstances take the depositions of his wife, as has uniformly and many times been decided by this court.

No reversible error is shown by the court's admonishing the appellant's attorney in his argument to stay within the record, upon objection by the State's attorney to his argument that if he had been permitted and the court had permitted him, appellant while he was on the stand would have told them what his wife had confessed to him, and that he had not assaulted her and that it was her fault. Appellant sought to introduce this ex parte hearsay· statement of what his wife had said to him and it was improper for the appellant's attorneys to have so stated to the jury and no error is shown, as stated, by the court merely admonishing him, when objection was made, to stay within the record.

There being no reversible error shown, the judgment will be in all things affirmed.

*Affirmed.*